Roy Estel, Jr.,
               Petitioner

          v.

SSSI Inc. d/b/a Songer Steel
(Workers' Compensation Appeal
Board),
               Respondent

No.  290 C.D. 2021

Submitted:  August 13, 2021

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED:  December 29, 2021

Roy Estel, Jr. (Claimant) petitions for review of the February 19, 2021 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of Workers' Compensation Judge Pamela Briston (WCJ) to grant the modification petition of SSSI, Inc. d/b/a Songer Steel (Employer). We affirm.

## Background

Claimant sustained a work-related injury to his right shoulder on March 20, 2017, as a result of which he received total disability benefits under the Pennsylvania Workers' Compensation Act (Act or Workers' Compensation Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.1, 2501-2710.

On June 20, 2017, the Supreme Court of Pennsylvania issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), holding that the Impairment Rating Evaluation (IRE) provisions of former section 306(a.2) of the Act[2] violated the non-delegation doctrine of the Pennsylvania Constitution, and striking the entirety of former section 306(a.2) as unconstitutional. In response to *Protz*, in 2018, the General Assembly enacted Act 111 and added section 306(a.3) of the Act, 77 P.S. §511.3, which reestablished the IRE procedure in a manner intended to cure the constitutional deficiency identified in *Protz*.

The former version of the statute provided that a physician conducting an IRE was to use "the most recent edition" of the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment* (the *Guides*). *Protz*, 161 A.3d at 830. The *Protz* Court held that this amounted to an unconstitutional delegation to the AMA of the General Assembly's law-making power, inasmuch as the AMA could revise the standards for determining impairment at any time, and that the organization therefore had unfettered discretion to establish the criteria under which a claimant would be found entitled to benefits under the IRE provisions of former section 306(a.2). *Id.* at 835-38. By contrast, section 306(a.3)(1) now specifies that IREs are to be conducted "pursuant to the American Medical Association 'Guides to the Evaluation of Permanent Impairment,' 6th edition (second printing April 2009)" (Sixth Edition of the *Guides*). 77 P.S. §511.3(1). Under the current version of the Act, if an IRE yields an impairment rating that is greater than or equal to 35%, the claimant is presumed to be totally disabled, and if the IRE results

---

[2] Added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

in an impairment rating of less than 35%, then the claimant is entitled to partial disability benefits.[3]  Section 306(a.3)(2) of the Act, 77 P.S. §511.3(2).

On November 7, 2019, Claimant underwent an IRE pursuant to section 306(a.3), which was conducted by Jeffrey M. Moldovan, D.O.  Dr. Moldovan determined that Claimant had an impairment rating of 10%.  As this was under the 35% threshold specified by section 306(a.3)(2) of the Act, on January 14, 2020, Employer filed a modification petition seeking to change Claimant's disability status from total to partial.

By a decision and order circulated on June 24, 2020, the WCJ granted Employer's modification petition.  The WCJ accepted Dr. Moldovan's uncontroverted opinion concerning Claimant's impairment rating, and found that Employer had thus met its burden to establish that Claimant's status should be changed from total to partial disability.  Accordingly, the WCJ modified Claimant's status effective November 7, 2019.  The WCJ noted that Claimant solely argued that it was unconstitutional to apply Act 111, but the WCJ was without jurisdiction to rule upon the constitutional validity of the statute.

Claimant then appealed to the Board.  Claimant contended that, under *Protz*, Act 111 is unconstitutional for the same reasons that former section 306(a.2) was unconstitutional, inasmuch as the statute continues to delegate legislative authority to the AMA.  The Board noted that this Court rejected an identical constitutional argument in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019).  However, the Board noted that, like the WCJ, it lacks

---

[3] Under section 306(b)(1) of the Act, a change from total to partial disability status does not alter the amount of compensation paid, but limits the number of weeks a claimant can receive disability compensation to 500 weeks.  77 P.S. §512(1).

jurisdiction to declare a statute unconstitutional; accordingly, the Board presumed that Act 111 is constitutional, and deemed Claimant's constitutional challenge preserved for judicial review. Finally, the Board rejected Claimant's contention that Act 111 does not apply to injuries such as his, which occurred prior to its effective date. Accordingly, the Board affirmed the WCJ's decision and order.

Claimant sought review in this Court.[4] Claimant's sole argument is the constitutional challenge that he raised below—that Act 111, and specifically section 306(a.3) of the Act, failed to remedy the defect in the prior statutory provision found unconstitutional in *Protz*. Because the Act specifies that the IRE process is to be conducted pursuant to the Sixth Edition of the *Guides*, Claimant contends that section 306(a.3) continues to reflect an unconstitutional delegation of legislative authority to the AMA. (Claimant's Br. at 11-13.) Claimant recognizes that we rejected this argument in *Pennsylvania AFL-CIO*, but he argues that our decision was incorrect and, thus, should not control this matter.

Claimant's position is without merit. As Claimant acknowledges, his argument is squarely foreclosed by precedent. Shortly after the enactment of Act 111, the Pennsylvania AFL-CIO brought an action against the Commonwealth, seeking declaratory and injunctive relief on the theory that section 306(a.3)'s adoption of the Sixth Edition of the *Guides* failed to remedy the constitutional defect identified in *Protz*. *Pennsylvania AFL-CIO*, 219 A.3d at 312-13. After a thorough analysis of the statute and the rationale of *Protz*, this Court dismissed the action for

---

[4] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Compensation Appeal Board (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021) (citing *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013)).

4

failure to state a claim. The defect in the prior statutory scheme was that, by allowing the standards for IREs to be conducted pursuant to the "most recent edition" of the AMA *Guides*, the Act "did not include **any** standards or basic policy choices to restrain the AMA's **future enactment** of the *Guides*, which would **then become the law** by which IREs would be performed." *Id.* at 314 (citing *Protz*, 161 A.3d at 835-36) (emphasis in original). This, in turn, "left the AMA with the ability to '**revise** the *Guides* once every ten years or once every ten weeks,' which 'gave the AMA *de facto*, **unfettered control** over a formula that ultimately will determine whether a claimant's partial[ ]disability benefits will cease after 500 weeks.'" *Id.* (quoting *Protz*, 161 A.3d at 835-36) (emphasis in original).

However, this Court emphasized, the *Protz* Court made clear that "the non-delegation doctrine does not prevent the General Assembly from adopting as its own a particular set of standards which already are in existence at the time of adoption." *Id.* at 315 (quoting *Protz*, 161 A.3d at 838-39) (emphasis omitted). This, we reasoned, was precisely what the General Assembly had done through Act 111. *Id.* at 316. The legislature "adopted the Sixth Edition, second printing" of the *Guides*, which was in existence when Act 111 was enacted, "as its own." *Id.* at 316 (quoting *Protz*, 161 A.3d at 838). This remedied the constitutional defect because the standards for IRE determinations were therefore not adopted "sight unseen," and they could not be altered through the AMA's future actions in revising the *Guides*, but, rather, only by future actions of the General Assembly. Accordingly, we rejected the claim that section 306(a.3) of the Act is unconstitutional under the non-delegation doctrine.

Here, Claimant's sole argument amounts to a reiteration of the claim squarely rejected in *Pennsylvania AFL-CIO*. Contrary to Claimant's contention,

5

*Pennsylvania AFL-CIO* was not wrongly decided; rather, the decision reflects a thorough statutory and constitutional analysis, and it correctly determined that the challenged statutory provision adequately remedied the constitutional defect of its prior version.  We accordingly reject Claimant's present challenge.

The order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roy Estel, Jr.,                                  :
                        Petitioner               :
                                                 :    No.  290 C.D. 2021
              v.                                 :
                                                 :
SSSI Inc. d/b/a Songer Steel                     :
(Workers' Compensation Appeal                    :
Board),                                          :
                        Respondent               :

## ***ORDER***

AND NOW, this 29th day of December, 2021, the February 19, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge